IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOHN BOTTENFIELD,           )
                            )
    Plaintiff,              ) No. 12-06
                            )
  v.

MICHAEL J. ASTRUE,
Commissioner of Social
Security,

    Defendant.

## OPINION AND ORDER

### SYNOPSIS

Before the Court are the parties' cross-motions for summary judgment. For the following reasons, Plaintiff's Motion will be denied, and Defendant's granted.

### OPINION

Plaintiff seeks review of the September 21, 2010 final decision of the Commissioner of Social Security ("Commissioner"), denying him benefits for Disability Insurance and Supplemental Security Income under Titles II and XVI of the Social Security Act. Plaintiff applied for benefits on March 26, 2009, with an onset date of July 5, 2006. His claim was initially denied by the state agency, and subsequently by the Administrative Law Judge ("ALJ"). The Appeals Council denied his request for review of the ALJ's decision. This appeal followed.

I.    **APPLICABLE STANDARDS**

  A. **Standard of Review**

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. Allen v. Bowen, 881 F.2d 37, 39 (3d Cir.

1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971)). To determine whether a finding is supported by substantial evidence, the district court must review the record as a whole. See 5 U.S.C. § 706.

The Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. § 405(g); Dobrowolsky v. Califano, 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a de novo review of the Commissioner's decision or re-weigh the evidence of record. Palmer v. Apfel, 995 F. Supp. 549, 552 (E.D. Pa. 1998). If the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999). After reviewing the entire record, a district court may affirm, modify, or reverse the decision with or without remand for rehearing. Podedworny v. Harris, 745 F.2d 210, 221 (3d Cir. 1984).

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. § 1382(a)(3)(A); Brewster v. Heckler, 786 F.2d 581, 583 (3d Cir. 1986).

**B. Disability Standards**

Evaluating the disability status of a claimant involves a five-step sequential analysis. 20 C.F.R. § 416.920. When conducting such an evaluation, the ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant

has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R. pt. 404, subpt. P, app. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. § 416.920. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). Dobrowolsky, 606 F.2d at 406. Once the claimant meets this burden, the burden shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). Id.

II. **MOTIONS FOR SUMMARY JUDGMENT**

In this case, Plaintiff does not contend that the ALJ failed to consider certain evidence; he claims, instead, that he failed to properly evaluate and credit his complaints of debilitating pain. Plaintiff also contends that the ALJ failed to find severe impairments at step 2 of the sequential evaluation process, and that he committed error when failing to find that Plaintiff's impairments met a listed impairment. I will address each contention in turn.

**A. Pain Complaints**

First, Plaintiff argues that the ALJ erred when he failed to credit his complaints, and failed to consider medical documentation of impairments that could be expected to cause chronic pain. Here, the ALJ concluded that Plaintiff's impairment could reasonably be expected to cause the alleged symptoms, but that the claimant's statements regarding pain were not credible to a certain extent, and for various reasons. For example, the ALJ noted that Plaintiff had not complained of back problems between 2005 and August 2009, other than a pulmonary evaluation

and four months of herbal treatment. The ALJ also noted that the pain was not totally debilitating, because Plaintiff shops, performs household chores, visits, and drives. The ALJ, in sum, found the complaints "inconsistent with doctors' records, with objective laboratory studies, and with his physicians' notes regarding his reports to his treating physicians." Importantly, the ALJ did not entirely fail to credit Plaintiff's complaints. Instead, he found that the Plaintiff's impairment could reasonably be expected to cause the alleged symptoms, but that his statements regarding the intensity, persistence, and limiting effects of the symptoms were not credible solely to the extent that they were inconsistent with the RFC. The ALJ also accepted that Plaintiff "may have some pain and other symptoms," which "may cause him to perform tasks more slowly."

"Allegations of pain and other subjective symptoms must be supported by objective medical evidence." Hartranft v. Apfel, 181 F.3d at 362. Thus, an ALJ need not fully credit a complainant's testimony about his pain; he must, instead, "take care to address such evidence in the course of his findings." Smith v. Astrue, 359 Fed. Appx. 313, 317 (3d Cir. 2009). More specifically, "[i]n order for an ALJ to reject a claim of disabling pain, he must consider the subjective pain and specify his reasons for rejecting these claims and support his conclusion with medical evidence in the record." Matullo v. Bowen, 926 F.2d 240, 245 (3d Cir. 1990). If the ALJ concludes that pain complaints are not credible, "the basis for such a conclusion must be indicated in his or her decision." Akers v. Callahan, 997 F. Supp. 648, 653 (W. D. Pa. 1998).

The fact that Plaintiff reported his pain complaint to physicians does not increase their credibility. "[A] medical source does not transform the claimant's subjective complaints into objective findings simply by recording them …." Hatton v. Comm'r, 131 Fed. Appx. 877, 879 (3d Cir. 2005) (citing Craig v. Chater, 76 F. 3d 590 (4th Cir. 1996)). Moreover, the fact that

Plaintiff continually sought treatment for his pain is not conclusive. Seeking treatment is based upon a subjective complaint or perception of pain; it is not an objective medical finding. Although such conduct might tend to corroborate his complaints, and the absence of an attempt at treatment might undercut his credibility, it cannot be dispositive.

Plaintiff also notes that the ALJ did not consider Plaintiff's work history when assessing his credibility. It is true a claimant with a lengthy work history of continuous work is entitled to "substantial credibility." Dobrowolsky v. Califano, 606 F.2d 403, 409 (3d Cir. 1979). Although the ALJ's opinion would have been more thorough if he had expressly considered Plaintiff's work history and its effect on credibility, the failure to do so is not reversible error when the claimant has otherwise failed to establish a work-preclusive impairment. Lee v. Astrue, No. 12-782, 2012 U.S. Dist. LEXIS 149040, at **22-23 (E.D. Pa. Oct. 17, 2012). Work history is but one of many factors to be considered when assessing subjective pain complaints, and does not necessarily equate to enhanced credibility. Id. at *21. As discussed above, the ALJ identified the reasons for his conclusion, and thus I cannot find error in this respect.

Finally, I agree with Plaintiff that the fact that Plaintiff shops, performs some household chores, visits, and drives does not preclude a finding of disability. The ALJ, however, did not rely solely on these activities when assessing Plaintiff's credibility. Instead, he assessed Plaintiff's complaints in light of those activities, as well as the objective medical evidence. This was not error. See Ellis v. Astrue, No. 11-163J, 2012 U.S. Dist. LEXIS 138286, at *12 (W.D. Pa. Sept. 26, 2012).

In sum, the ALJ explained the reasons for his conclusion that the record did not support Plaintiff's claims of disabling pain. Because the ALJ had the opportunity to observe the claimant's demeanor and credibility, his findings in that regard are entitled to great weight. See,

5

e.g., Malloy v. Comm'r of Soc. Sec., 306 Fed. Appx. 761, 765 (3d Cir. 2009). Under applicable standards, the ALJ's decision to partially credit Plaintiff's pain complaints was supported by substantial evidence.

### B. Step 2 of the Sequential Process

Next, Plaintiff asserts that the ALJ should not have denied his claim at step 2 of the process. Plaintiff asserts that the finding of a low back disorder as a severe impairment was in error. In so doing, Plaintiff cites to several portions of the medical record that point to various back problems; he acknowledges, implicitly, that the ALJ did not in fact reject his claim at this step. He contends that the appropriate diagnoses are "clearly more severe than 'low back disorder,'" but does not point to any alternate or additional diagnoses that would have been appropriate; nor does he explain why the pertinent objective medical findings, almost all of which relate to Plaintiff's back, are not properly characterized as a "low back disorder." I have no grounds for finding that the ALJ erred in this regard.

### C. Listed Impairment

Last, Plaintiff contends that the ALJ erred when he found that Plaintiff's impairments did not meet or equal a listed impairment. "To [show that an impairment meets or equals a listed impairment] a claimant must show that all of the criteria for a listing are met or equaled. … An impairment that meets or equals only some of the criteria for a listed impairment is not sufficient." Jamison v. Astrue, No. 11-00725, 2012 U.S. Dist. LEXIS 73071, at *27 (M.D. Pa. May 25, 2012). Defendant, however, asserts that Plaintiff's lower back impairment did not satisfy all of the criteria required for listing 1.04A. For example, as Defendant asserts, there is no medical evidence of all of the criteria listed in paragraph B of the listing, which refers to diagnoses and symptoms of spinal arachnoiditis. Again, the ALJ could have been more thorough

and specific in explaining his conclusion. However, I cannot find that he erred in considering whether Plaintiff met or equaled a listed impairment.

## CONCLUSION

While I empathize with Plaintiff's situation, applicable standards and my limited role on review constrain me to conclude that the ALJ's conclusions were supported by substantial evidence of record, and that he adequately reviewed the record as a whole. I am not permitted to re-weigh the record, or rule based on whether I would have reached a different conclusion. Thus, Plaintiff's Motion will be denied, and Defendant's granted. An appropriate Order follows.

## ORDER

AND NOW, this 3rd day of January, 2013, it is hereby ORDERED, ADJUDGED, and DECREED that Plaintiff's Motion for Summary Judgment [7] is DENIED, and Defendant's Motion for Summary Judgment [9] is GRANTED.

BY THE COURT:

/s/Donetta W. Ambrose

Donetta W. Ambrose

Senior Judge, U.S. District Court